**CARMEN A. TRUTANICH**, City Attorney (State Bar #86629x)
**MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney
**SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
600 City Hall East
200 North Main Street
Los Angeles, California 90012-4129
Telephone: (213) 978-7036   Facsimile: (213) 978-8785
Email: *Surekha.Pessis@lacity.org*

Attorneys for Defendants, **CITY OF LOS ANGELES and STEVEN SALAS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TIZABI<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, OFFICER SALAS, DOES 1-10<br><br>        Defendants. | CASE NO. CV 09-01368 JFW(PLAx)<br><br>**MOTION IN LIMINE NO. 1**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE REFERENCES TO VIOLATIONS OF L.A.P.D. POLICIES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SUREKHA A. PESSIS**<br><br>HEARING:     February 12, 2010<br>TIME:        10:00 a.m.<br><br>DISCOVERY<br>CUT-OFF:     December 7, 2009<br>P.T.C.:      February 5, 2010<br>TRIAL:       February 23, 2010 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE on February 12, 2010, at 10:00 a.m. in Courtroom 16 of the United States District Court located at 312 N. Spring Street, Los Angeles, California, 90012, Defendants **CITY OF LOS ANGELES and STEVEN SALAS** ("Defendants") will move this Honorable Court for an order in limine to exclude from this trial:

1

1.  To exclude references to and evidence of violations and alleged of violations of LAPD Policy(ies) at the time of trial. (Federal Rules of Evidence 402 and 403.)

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the exhibit, and any further documentary evidence the Court may require at the hearing on the motion.

Compliance with Local Rule 7-3 occurred on December 21, 2009. (Declaration of Surekha A Pessis.)

DATED: January 24, 2010        Respectfully submitted,

**CARMEN A. TRUTANICH**, City Attorney
**MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney


By _____/S/_____
     **SUREKHA A. PESSIS,** Deputy City Attorney
     *Attorneys for Defendants* CITY OF LOS ANGELES and STEVE SALAS

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Joseph Tizabi was arrested by Los Angeles Police Officer Steven Salas on June 17, 2007 for violating *Penal Code* Section 148 ("Interfering with an Investigation"). Pursuant to 42 U.S.C. Section 1983, Plaintiff alleges Officer Salas violated his Fourth and Fourteenth Amendment rights by detaining him without reasonable suspicion, arresting him without probable cause, and using unnecessary and excessive force. (Complaint, Paragraph 15.)

Defendants anticipate that Plaintiff will attempt to make references to and/or introduce evidence of a violation or perhaps, purported violations of LAPD policies at the time of trial. Plaintiff opposes this Motion in Limine. (Declaration of Surekha A. Pessis) For the reasons stated herein, the Motion should be granted.

## II. ANY REFERENCE TO THE VIOLATION OR PURPORTED VIOLATION OF A LAPD POLICY SHOULD BE PRECLUDED

At trial, Defendants expect Plaintiff will attempt to make references to and/or introduce evidence of purported violations of LAPD policy. However, Plaintiff is not required to introduce any such evidence in order to prevail on his claims for unlawful seizure, false arrest and excessive force. As such, Plaintiff should be precluded from introducing any such evidence or even attempting to do so in the presence of the jury. (See Federal Rules of Evidence, Rule 402.)

Even if the Court concludes such evidence is relevant, Rule 403 of the Federal Rules of Evidence precludes introduction of evidence which is more prejudicial than probative, confusing and misleading. It is simply not probative to the issues in this case to have the jury learn which LAPD policies existed at the time of the incident and

1

whether they were violated. The introduction of such evidence or even a reference to a purported violation of a LAPD policy will simply confuse and mislead the jury. The jury instructions to be given by the Court will provide the trier of fact with the relevant law and Plaintiff's burden of proof in this matter.

Further, an order granting this Motion is appropriate pursuant to the Ninth Circuit's decision in Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986). In Maddox, the Ninth Circuit rejected the Plaintiff's contention that the Police Commission's moratorium on the choke hold could serve as the basis of either a negligence per se claim (California *Evidence Code* Section 669) or claim brought pursuant to 42 U.S.C. Section 1983. (Id. at 1415) (See also California *Evidence Code* Section 669.1). The jury will be tasked with determining whether Plaintiff's civil right were violated and not whether any LAPD policy was or may have been violated. As such, the Motion in Limine should be granted.

## DECLARATION OF SUREKHA A. PESSIS

I, Surekha A. Pessis, declare and state as follows:

1. I am a Deputy City Attorney with the Los Angeles City Attorney's Office and I am assigned with the responsibility to handle the matter, *Joseph Tizabi v. Los Angeles Police Department, et al* (CV-09-01368 JFW (PLAx)) on behalf of Defendants City of Los Angeles and Steven Salas. I am admitted to practice before the United States District Court-Central District of California. I make this declaration based upon my own personal knowledge, except upon those matters stated upon information and belief.

2. On December 21, 2009, I met and conferred with Plaintiff's counsel, James Muller, regarding Defendants' Motions in Limine. According to Mr. Muller, Plaintiff will not stipulate to refrain from arguing Defendant Salas violated LAPD policy at the time of the June 17, 2007 incident, giving rise to this litigation. However, it is unclear

1 | which policy Plaintiff contends Officer Salas violated.

2 |     3.    Based on my review of the arrest report in this matter, I understand that
3 | Plaintiff was arrested on June 17, 2007 for violating *Penal Code* Section 148
4 | (Resisting, delaying or obstructing officer of emergency medical technician).

6 | In response to Plaintiff's Request for Production of Documents, Set No. One, Defendant
7 | City of Los Angeles produced Section 216.23 of Volume 4 of the LAPD's 2005
8 | Department Manual. This section is entitled, "Arrests for Interfering, Resisting or
9 | Assault on an Officer." Attached hereto and marked as Exhibit "A" is a true and correct
10 | copy of this manual section.

11 |     4.    Defendant City has also produced in discovery the following: (I) a copy of
12 | LAPD's Special Order, "Evaluation of Arrests for Interfering, Resisting Arrest, or Assault
13 | on an Officer" (June 20. 2001); (ii) Section 580 (and related subsections) of Volume 1 of
14 | the LAPD's 2005 Department Manual which is entitled, "Traffic Enforcement"; (iii) and
15 | LAPD's Training Bulletin entitled, "Legal Contacts with the Public" (April 2006).
16 | Attached hereto and marked as Exhibits B, C, D, respectively are true and correct copies
17 | of these polices.

18 |     5.    Further, I am informed that several LAPD polices are available on the
19 | internet at www.lapdonline.org   As such, there may be Department policies, in addition
20 | those identified above, which Plaintiff may attempt to discuss at the time of trial.

21 |     6.    Based on the Points and Authorities cited by Defendants, evidence of alleged
22 | policy violations should be excluded. The policies do not set forth the law in this matter.
23 | Rather, the jury instructions to be given by the Court do so. The jury will undoubtedly
24 | become confused if it is allowed to hear evidence of alleged violations of LAPD, in
25 | addition to the jury instructions in this matter. Such confusion is likely to result in a
26 | verdict contrary to the applicable law and therefore, the Motion should be granted.

3

Otherwise, Defendants will suffer unfair prejudice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 24th day of January, 2010 in Los Angeles, California.

/S/

_____

**SUREKHA PESSIS, Declarant**

## II. PLAINTIFF'S STATEMENT IN OPPOSITION TO THE MOTION

Defendants seek to exclude evidence regarding their own policies from the liability phase of this trial. Defendants' motion should be summarily denied since they fail to specify what evidence or policies should be excluded. Both the court and plaintiff's counsel are put in the disadvantageous position of attempting to determine the admissibility of evidence in the abstract.

In the abstract, LAPD policies should be admitted into evidence. To the extent that the reasonableness of Officer Salas' actions are at issue, LAPD policy is relevant to determine whether his actions were reasonable. In *Smith v. City of Hemet*, 394 F3d 689, 693 (9th Cir. 2005) the Ninth Circuit held, *en banc*:

> Smith argues that the officers' conduct violated applicable police standards and that there were alternative techniques available for subduing him that presented a lesser threat of death or serious injury. Smith offered an expert declaration on the training of police dogs and police dog handlers. Discussing whether the officers' conduct comported with law enforcement standards, the expert relied upon California's Peace Officer Standards and Training, which are applicable to all state police officers and are a part of Department policy. He concluded that the officers

4

could and should have used control holds to complete the arrest rather than to sic Quando on him once they had him restrained on the ground. See also Hemet Chief of Police, "Use of Force," Gen. Order No. U-102 (discussing "professional presence," "compliance techniques," and other "intermediate force" less likely to cause death or serious injury). A rational jury could rely upon such evidence in assessing whether the officers' use of force was unreasonable. *See Larez v. City of Los Angeles*, 946 F.2d 630, 635 (9th Cir.1991) (as amended) (finding that testimony of "an expert on proper police procedures and policies" was relevant and admissible); *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991) (as amended) (testimony of plaintiffs' police practices expert that officers violated law enforcement standards properly received ).

Clearly, policy has a place in determining the reasonableness of an officer's actions. Defendants' motion should be denied.

### III.   DEFENDANTS' REPLY

The issues in this action are whether Plaintiff was arrested without probable cause and whether Plaintiff was subjected to unreasonable or "excessive" force. <u>As such, the issue to be decided by the jury is not whether Officer Salas violated or may have violated a LAPD policy.</u> Stated differently, Plaintiff is not required to prove the violation of any LAPD policy in order to prevail in this action.

Further, this case is distinguishable from *Smith* in that Plaintiff did not suffer great bodily injury, but rather claims to have suffered soft tissue injuries. Also, officers are not required to utilize the least intrusive means of force on a given occasion. (<u>Forrester v. City of San Diego, et al.</u>, 25 F.3d 804 (9th Cir. 1994)(citing <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989))

The policies which Plaintiff may argue are at issue are those dealing with arrests

5

made for violations of California *Penal Code* Section 148(a) and tactics utilized by officers to effect detentions and arrests. The purpose of the Motion is to preclude Plaintiff from arguing that any of these policies were violated, in addition to policies which are available on the Internet.

Further, Model Ninth Circuit Instruction No. 9.20 lists several factors for the trier of fact to consider in making a determination whether the force at issue was "reasonable." One of those factors is "the availability of alternative methods to subdue the plaintiff." Arguably, the officers' training on force techniques is admissible, but not whether LAPD policies were violated on the date of Plaintiff's arrest, June 17, 2007. Therefore, the purported evidence is not relevant and should be excluded.

///

Even assuming evidence of policy violations or purported violations thereof are relevant, such evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. The jury should not be allowed to hear evidence regarding purported violations of policy, wherein it may easily disregard the Court's instructions or perhaps become confused after considering evidence of a violation of a LAPD policy combined with the Court's instructions.

DATED: January 24, 2010        Respectfully submitted,

**CARMEN A. TRUTANICH**, City Attorney
**MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney

By _____/S/_____
**SUREKHA A. PESSIS**, Deputy City Attorney
*Attorneys for Defendants* CITY OF LOS ANGELES and STEVE SALAS

6

1  DATED: January 22, 2010          Respectfully submitted,

2                                   LAW OFFICES OF JAMES S. MULLER

3                                   By _____/S/_____
4                                   **JAMES S. MULLER**
                                    *Attorney for Plaintiff* JOSHEPH TIZABI
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        7